**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3711-16T3

ONEWEST BANK, F.S.B.,

    Plaintiff-Respondent,

v.

ABDELNASSER MUSALLAM, and
ESLAM MUSALLAM,

    Defendants-Appellants,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
acting solely as nominee for
INDYMAC BANK, F.S.B.,

    Defendants.

_____

Submitted March 31, 2018 — Decided June 14, 2018

Before Judges Alvarez and Geiger.

On appeal from Superior Court of New Jersey,
Chancery Division, Hudson County, Docket No.
F-009589-12.

Joseph A. Chang & Associates, LLC, attorneys
for appellant (Joseph A. Chang, of counsel and
on the brief; Jeffrey Zajac, on the brief).

Blank Rome LLP, attorneys for respondent (Francis X. Crowley, of counsel; Matthew P. Rubba, on the brief).

PER CURIAM

On March 29, 2017, Judge Barry P. Sarkisian dismissed defendants Abdelnasser Musallam (Musallam) and Eslam Musallam's counterclaim against plaintiff for alleged violations of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20. The counterclaim was filed in a mortgage foreclosure proceeding in which judgment was entered and was affirmed on appeal. See Onewest Bank, F.S.B. v. Musallam, A-5687-13 (App. Div. Oct. 5, 2016). We remanded the CFA counterclaim for trial because the disputes regarding the underlying claims were material. Id. at 8. For the reasons stated in Judge Sarkisian's thorough opinion, we affirm.

We briefly summarize defendants' allegations. A mortgage broker falsified Musallam's annual income in order to enable him to obtain a mortgage through IndyMac, plaintiff OneWest Bank F.S.B.'s predecessor. The mortgage broker was employed by a separate home mortgage company.

On remand, defendants could not establish any connection between the mortgage broker, or his firm, and IndyMac. Thus, defendants could not prove that IndyMac had some basis for knowledge of the fraud allegedly perpetrated in the loan process.

Accordingly, the trial court held that New Jersey law did not impose liability for wrongful conduct to an assignee mortgagee or the original lender when the wrong is perpetrated by a third party who is neither in privity with the original lender or the assignee, nor in a principal-agent relationship. Since IndyMac was not implicated in the broker's conduct, plaintiff could not be held liable. The documentary evidence submitted by defendants did not support their claim that those records alone established a violation of the CFA in the mortgage loan process.

Defendants now raise the following points by way of appeal:

> POINT I
> BECAUSE THE "NO DOC" ADJUSTABLE RATE NOTE WAS EXTENDED TO THE DEFENDANT WITH RECKLESS UNCONCERN AS TO THE BORROWER'S ABILITY TO PAY, THE PLAINTIFF, THROUGH ITS PREDECESSOR, COMMITTED AN UNCONSCIONABLE COMMERCIAL PRACTICE UNDER THE CONSUMER FRAUD ACT.
>
> A. IndyMac's Reckless Disregard For Mr. Musallam's Ability to Afford the $428,000 "No Doc" Loan Constituted an Unconscionable Practice Under the CFA.
>
> B. Recent Decisions in New Jersey Provide Support for the Principle That Predatory Lending Practices Violate the CFA.
>
> C. In Its Reasoning and Decision Below, the Chancery Division Committed Reversible Error.

We find these points to be so lacking in merit as to not warrant discussion in a written decision. R. 2:11-3(e)(1)(E).

Furthermore, the cases that allegedly support defendants' position are distinguishable factually and otherwise. In all of them, the claimant established a connection or relationship justifying the imposition of legal liability. Here, no connection has been demonstrated.

Final determinations made by a trial judge in a non-jury matter are not disturbed unless so lacking support in the record as to deny the litigant justice. <u>Rova Farms Resort v. Investors Ins. Co.</u>, 65 N.J. 474, 483 (1974). Such findings are affirmed on appeal when supported by substantial and credible evidence. <u>Ibid.</u>

In this case, the judge's decision that the requisite proofs were entirely missing is supported by the record. There is no question that if factually established, predatory lending practices can violate the CFA. These defendants are unable to prove such predatory lending practices on the part of plaintiff or IndyMac.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3711-16T3